| B 104 (Rev. 8/99) | **ADVERSARY PROCEEDING SHEET** (Instructions on Reverse) | | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|---|---|
| **PLAINTIFF** Donna Kay Freemon | | **Defendant** Lakeview Loan Servicing LLC AKA Loan Care LLC c/o Corporation Service Company 2908 Poston Avenue Nashville, TN 37203-1312 | |
| ATTORNEYS (Firm Name, Address, and Telephone Number) Keith D Slocum **Harlan, Slocum and Quillen P.O. Box 949 Columbia TN 38402-0949 931/381-0660 bknotices@robertharlan.com** | | ATTORNEYS (if known) | |

PARTY (Check one box only) ☐ U.S. PLAINTIFF ☐ 2 U.S. Defendant ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** Complaint Seeking Damages in Core Adversary Proceeding

NATURE OF SUIT
(Check the one most appropriate box only)

| ☒ | 454 | To recover money or property | ☐ | 455 | To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan | ☐ | 456 | To obtain a declaratory judgment relating to any of the foregoing causes of action |
| ☐ | 435 | To determine validity, priority, or extent of a lien or other interest in property | ☐ | 426 | To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ | 459 | To determine a claim or cause of action removed to a bankruptcy court |
| ☐ | 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ | 434 | To obtain an injunction or other equitable relief | ☐ | 498 | Other (specify) |
| ☐ | 424 | To object or to revoke a discharge 11 U.S.C. § 727 | ☐ | 457 | To subordinate any allowed claim or interest except where such subordination is provided in a Plan | | | |

ORIGIN OF PROCEEDING (Check one box only) ☒ 1 Original Proceeding ☐ 2 Removed Proceeding ☐ 4 Reinstated or Reopened ☐ Transferred from Another Bankruptcy Court ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND greater than $500,000.00 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Donna Kay Freemon | | BANKRUPTCY CASE NUMBER   17-00211-MH1-13 | |
| DISTRICT IN WHICH CASE IS PENDING<br>**Middle District of Tennessee** | DIVISIONAL OFFICE   **Columbia** | | NAME OF JUDGE   Marian F. Harrison |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | Defendant | | ADVERSARY PROCEEDING NUMBER |
| DISTRICT | DIVISIONAL OFFICE | | NAME OF JUDGE |
| FILING FEE        ☐ FEE ATTACHED        ☒ FEE NOT REQUIRED        ☐ FEE IS DEFERRED<br>(Check one box only) | | | |
| DATE<br>August 3, 2020 | PRINT NAME<br>**Keith D Slocum** | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>\s\ **Keith D Slocum** | |

B-104

**ADVERSARY PROCEEDING COVER SHEET (Reverse Side)**

(Rev. 8/99)

This cover sheet must be completed by the Plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the Court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the Clerk of the Court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the Clerk of the Court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

| | | |
|---|---|---|
| | 1. | Original Proceeding. |
| | 2. | Removed from a State or District Court. |
| | 4. | Reinstated or Reopened. |
| | 5. | Transferred from Another Bankruptcy Court. |

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000, enter "1," for $10,000, enter "10," for $100,000, enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and six-digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

Donna Kay Freemon
Debtor                                            BK:     17-00211-MH1-13

Donna Kay Freemon
Plaintiff

vs.

Lakeview Loan Servicing
AKA Loan Care LLC
Corporation Service Company
Defendant                                     Adv. No.

**Complaint Seeking Damages in a Core Adversary Proceeding**

### I. Introduction

1.      This is an action for actual and punitive damages filed by the Plaintiff pursuant to 11 U.S.C. §105, 362, 524, 1322, 1327 and 1328 of the Bankruptcy Code, and Rules 2016, 3002.1 and 9011 of the Bankruptcy Rules. This is also an action for breach of contract, fraud, contempt and sanctions. Finally, this is also an action for violations of the FDCPA.

### II. Jurisdiction and Venue

2.      Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Plaintiff in that case.

3.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United

States Code. This court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon section 1331 of Title 28 of the United States Code

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiff states that portions of this complaint are core proceedings within the meaning of 28 U.S.C. § 157 and portions are non-core. With respect to any non-core claims, Plaintiff consents to the entry of final orders or judgment in this adversary proceeding by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution. Further, to the extent that any court determines that the Bankruptcy Court does not have the authority to enter a final judgment on any cause of action set forth herein, Plaintiff requests that the Bankruptcy Court issue a report and recommendation for a judgment to the United States District Court for the Middle District of Tennessee on any such cause of action.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff's claims occurred in this district.

### III. Parties

7. The Plaintiff in this case was a Debtor under Chapter 13 of Title 11 in the above-captioned case.

8. Lakeview Loan Servicing, LLC AKA Loan Care, LLC conducts business in the state of Tennessee and is servicing the Plaintiff's mortgage.

9. Lakeview Loan Servicing, LLC AKA Loan Care, LLC, will hereafter referred to as the Defendant.

## IV. Factual Allegations

10. The Chapter 13 case of the Plaintiff herein was commenced by the filing of a voluntary petition with the Clerk of this Court on January 12, 2017 and the Defendants' predecessor was properly notified of the filing in accordance with bankruptcy notification procedures.

11. The 341(a) meeting of creditors in this case was held in Columbia, Tennessee on March 6, 2017 and the Chapter 13 Plan was confirmed on March 8, 2017.

12. Schedule D of the Bankruptcy petition and schedules filed by the Plaintiff included a debt to JP Morgan Chase Bank. The loan was secured by a deed of trust on the residential real estate belonging to the Plaintiff. The Chapter 13 plan as confirmed included treatment of that debt to the Defendant's predecessor as a "continuing" debt with plan payments equal to the normal monthly mortgage payments plus an arrearage cure provision. The Confirmation Order is attached as Exhibit 1.

13. The Plaintiff alleges that the Defendant's predecessor received notice of the 341(a) meeting from documents mailed by the Trustee's office and also received a "filed" copy of the Order of Confirmation.

14. The Defendant's predecessor filed a proof of claim for the continuing payment and the arrearage, copy attached as Exhibit 2.

15. On September 3, 2019, Defendant's predecessor transferred the claim to Defendant, copy attached as Exhibit 3.

16. On January 8, 2020, Defendant filed a response to the Trustee's notice of final cure attached as Exhibit 4. Defendant indicated in that response that the Plaintiff's mortgage account was current and the defaults were cured.

17. On January 24, 2020, Defendant filed a Notice of Mortgage Payment Change.

18. On January 28, 2020, an Order declaring the mortgage current was entered , copy attached as Exhibit 5.

19. The Trustee paid the Defendant's claim as allowed in accordance with the Confirmation Order. The trustee's report for continuing payments is attached as Exhibit 6 and the Trustee's report for the arrearage claim is attached as Exhibit 7.

20. The Plaintiff received a Discharge Order on March 5, 2020, attached hereto as Exhibit 8.

21. The Plaintiff has paid all requested post petition payments since the discharge, copy attached as Exhibit 9. The Defendant returned the Plaintiff's payment for the month of May without any explanation, copy attached as Exhibit 10 and sent correspondence stating that the Defendant is two months behind, copy attached as Exhibit 11, even though, the Defendant has proof of all the post-petition payments sent to the Defendant.

24. The Defendant has sent correspondence to the Plaintiff indicating that the Defendant has failed to comply with the Plaintiff's bankruptcy.

25. The Defendant has not adjusted the Plaintiff's account properly to account for monies received.

26. As Exhibit 12, the Plaintiff attaches statements from Defendant.

27. The Plaintiff has never entered into a forbearance, a deferment and has not entered into any loan modifications.

# V. CAUSES OF ACTION

## COUNT I
## (VIOLATIONS OF THE ORDER CONFIRMING PLAN)

28. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

29. Title 11 U.S.C. § 1322(b)(5) allows a Chapter 13 plan to cure deficiencies and maintain regular monthly mortgage payments. Section 1327 of Title 11 of the United States Code provides as follows: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

30. Plaintiff's confirmed Chapter 13 plan contained specific provisions regarding the amount and application of funds received from both the Chapter 13 Trustee and the Plaintiff during the pendency of the Chapter 13 case. By failing to apply Trustee funds and Plaintiff's post-petition mortgage payments in a manner that would render Plaintiff's mortgage loan current upon emerging from bankruptcy, Defendant violated § 1327 and other provisions of the Code, the Plaintiff's confirmed Chapter 13 plan, the orders confirming and/or modifying the plan, the discharge order, and other motions, directives, and orders of the Court. Specifically, the Defendant has breached section 11. a and 11.b of the Plaintiff's plan.

31. Upon information and belief, the Defendant also violated the plan and the orders confirming and modifying the plan by applying Trustee funds to satisfy undisclosed and unapproved fees and charges assessed to Plaintiff's mortgage loan during the pendency of the Chapter 13 case.

32. Title 11 U.S.C. § 105(a) of the Code grants power to the Court to remedy Defendant' violations of numerous sections of Chapter 13. Section 105(a) allows the Court to exercise its

equitable powers where necessary or appropriate to facilitate implementation of Code provisions, including the granting of sanctions for contempt, the granting of monetary relief for actual and statutory damages, punitive damages, attorneys' fees and costs, and the imposition of temporary and permanent injunctions.

33. Defendant's acts were willful violations of the Plaintiff's plan, the orders confirming and modifying the plan, other orders of the Court, and the provisions of Chapter 13 of the Bankruptcy Code. Defendant knew of the existence of these provisions, their acts were intentional, and the acts alleged herein violated the provisions and purposes of the Code set forth herein.

34. The actions of Defendant demonstrate their policy and procedure to ignore the directives and orders of bankruptcy courts and the Bankruptcy Code.

35. There are numerous examples of the Defendant's attitude toward this Court.

36. Accordingly, under § 105 and/or the Court's inherent authority, Defendant should be sanctioned in an appropriate amount plus an award of Plaintiff's reasonable attorneys' fees for bringing this action.

## COUNT II
### (CONTEMPT)

37. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

38. As outlined in the preceding counts and the preceding factual allegations, the Defendant has violated the Plaintiff's discharge injunction, discharge order and the order which declared the mortgage account current and the defaults cured.

39. Defendant' violations can be remedied by the specific Code sections violated, pursuant to this Court's inherent authority, and/or pursuant to 11 U.S.C. § 105(a).

40. Defendant is a sophisticated creditor. Defendant knew about and is legally obligated to comply with the numerous Court orders, and the provisions and purposes of the United States Bankruptcy Code.

41. Plaintiff asks this Court to find Defendant beheld in contempt, and in violation of Code provisions and its purposes pursuant to the Court's inherent powers and pursuant to its powers under 11 U.S.C. § 105(a) due to Defendant' wrongful collection of monies from Plaintiff's bankruptcy case. Plaintiff also ask that the Court use its inherent and statutory powers to award sanctions and damages, including injunctive relief, attorneys' fees and costs.

## COUNT III
**(BREACH OF CONTRACT)**

42. Plaintiff incorporates by reference all of the above factual allegations and Exhibits as if fully set forth herein.

43. A contractual relationship exists between the Plaintiff and Defendant.

44. The Deed of Trust contains language under Uniform Covenant 1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. It specifically states "If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on un-applied funds". Plaintiff alleges that the Defendant held monies in un-applied funds sufficient to apply the payment as of the schedule due date but did not timely apply such payments and therefore owes interest to the Plaintiff, see Exhibits 10,11 and 12.

45. Covenant 2. Deals with the application of Payments or Proceeds. It specifically provides that the Lender shall apply the payments in the following order of priority: (a) interest due under the note (b) principal due under the note, ( c ) amounts due under section 3. It is apparent from the statements that the Defendant has breached the partied contractual agreement,

see Exhibits 10,11 and 12.

46. As a result of the Defendant's breach, Plaintiff has suffered damage including attorney fees, paying fees and charges, overpaying monies and interest on the loan balance based on misapplication of funds not in accordance with the contract and interest owed from the monies held while payments were not applied in accordance with the contract.

47. Based on foregoing, Defendant has breached the contract between the parties and the Plaintiff is entitled to damages and equitable relief.

## COUNT IV
**(FRAUD )**

48. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

49. Defendant has made and continues to make material misrepresentations, see Exhibits 11 and 12. Specifically, on June 3, 2020, the Defendant sent Plaintiff correspondence indicating that the Plaintiff was past due two months which is inaccurate, see Exhibit 11.

50. Specifically, on May 18, 2020, the Defendant sent Plaintiff a monthly statement indicating that the Plaintiff was past due. In addition, the statement specifically indicates that the past payment due date was 12/19, 1/20, 2/20, 3/20 and then flipped back to the payment due date being the 1st of April and past due as of May 18, 2020 for the April and May payments. This information is false.

51. Defendant's material representations are false as set forth herein.

52. When the Defendant made the material representation, it (i) knew that the material representation was false, or (ii) made the material representation recklessly without any

knowledge of its truth and as a positive assertion.

53. Plaintiff has suffered damages as a result of Defendant's material misrepresentation.

## COUNT V
### (VIOLATION OF FED. R. BANKR. P. 3002.1(b) & (c), ENFORCED BY 3002.1(i))

54. The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

55. Fed. R. Bank. P. 3002.1(b) requires the holder of a claim to file a notice at least 21 days before the date of a payment change resulting from an interest rate or escrow adjustment.

56. On March 21, 2019, Defendant filed a NOPC indicating that the monthly payment for May 1, 2019 would be $617.51. The notice decreased the monthly amount needed for the escrow from $126.59 per month to $121.97. This notice already showed a surplus in the Plaintiff's escrow. The notice is attached as Exhibit 13.

57. On January 24, 2020, Defendant filed a NOPC indicating that the monthly payment for March 1, 2020 would be $622.13. The notice increased the monthly amount needed for the escrow from $121.97 per month to $126.59. This notice already showed a $342.44 surplus in the Plaintiff's escrow. The notice is attached as Exhibit 14.

58. The Plaintiff did not receive the surplus and the Defendant indicates on the May 2020 statement that the escrow is now $155.89. However, no notice was filed with the Court and the Plaintiff's insurance and taxes have not changed according to the Defendant's documents.

59. Fed. R. Bank. P. 3002.1(c) states that: The holder of the claim shall file and serve on the Debtor, Debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2)

that the holder asserts are recoverable against the Debtor or against the Debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

60. Instead of complying with the order declaring the mortgage current, Defendant continued to attempt to collect post-petition fees, charges, and advances that Defendant felt it was owed.

61. Exhibits 11 through 14 12 clearly show that the Defendant did not have the Plaintiff as current on the mortgage and fees and charges must be being assessed and collected against the Plaintiff's account.

62. These same exhibits show the Defendant has changed the due date to show that the Plaintiff is behind, has converted the surplus escrow funds and has assessed fees and charges without Court approval.

63. Defendant's failure to abide by Fed. R. Bankr. P. 3002.1 has damaged Plaintiff and caused the Plaintiff to incur attorneys' fees.

64. Upon information and belief, Defendant's conduct as described herein is part of a general pattern and practice of conduct by Defendant, which is either expressly authorized by, or not specifically prohibited by, Defendant's policies and procedures.

65. Pursuant to Fed. R. Bankr. P. 3002.1(i), Defendant's failure to comply with Fed. R. Bankr. P. 3002.1 allows the Court, after notice and hearing, to preclude Defendant from presenting any evidence regarding these fees and charges in this adversary proceeding, and/or to award Plaintiff appropriate relief, including actual damages, punitive damages, reasonable

expenses, and attorneys' fees caused by Defendant's failure to comply..

**(VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT)**

66. The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

67. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692e.

68. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a single violation. *Eastman v. Baker Recovery Services (In re Eastman)*, 419 B.R. 711, 733 (Bankr. W.D. Tex. 2009); *see also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). Because the FDCPA imposes strict liability, there is no requirement that the actions taken by a debt collector "be intentional or actionable." *Eastman*, 419 B.R. at 728 (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F. Supp. 609, 613 (D. Nev. 1997)).

69. The FDCPA is also a remedial statute, and therefore must be construed liberally in favor of the debtor. *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013)(quoting *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002)).

70. Defendant is a debt collector as defined in 15 U.S.C. § 1692a. The Plaintiff's account was in bankruptcy and delinquent at the time Defendant took over the account.

71. Defendant was attempting to collect a consumer debt as defined in 15 U.S.C. § 1692a.

72. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a.

73. Defendant violated 15 U.S.C. § 1692e generally, and 15 U.S.C. § 1692e(2) and (10) specifically, by making false and/or misleading representations to Plaintiff regarding the status of the mortgage loan account, see exhibits 11 and 12. Defendant sent Plaintiff mortgage statements and other correspondence that has inaccurate, incorrect and conflicting information which is misleading to Plaintiff regarding the amount due on the mortgage loan.

74. Defendant violated 15 U.S.C. § 1692f generally, and 15 U.S.C. § 1692f(1) specifically, by attempting to collect illegal monetary amounts from the Plaintiff, see Exhibits 11-12.

75. Defendant violated 15 U.S.C. § 1692d generally, and 15 U.S.C. § 1692d(5) specifically, by both harassing and abusing the Plaintiff by providing numerous pieces of false information and attempting to collect illegal monetary amounts from the Plaintiff.

76. Upon information and belief, Defendant's actions described herein are the manifestation of a pattern and practice of conduct by Defendant which is either required, or not specifically prohibited by its policies and procedures, to ignore the provisions of the Bankruptcy Code and fair debt collection laws applicable to it, and to illegally collect or attempt to collect debts from unsophisticated debtors. Accordingly, the Defendant's actions constitute unfair and unconscionable means to collect debts in violation of 15 U.S.C. § 1692f generally and §1692(f)(1) specifically.

77. As a direct and proximate result of the Defendant's violations of the FDCPA, Plaintiff has been damaged.

78. Plaintiff is entitled to and seek actual damages, statutory damages, and attorneys' fees as provided in 15 U.S.C. § 1692k.

## VI. Actual Damages

79. The Plaintiff incorporates herein by reference all preceding paragraphs as if fully set forth herein.

80. In this case, the Plaintiff has suffered the following actual damages:

    a. Travel expenses
    b. Attorney fees
    c. Mailings
    d. Paying interest on the incorrect loan amount
    e. Paying fees and charges that unauthorized, illegal and/or unnecessary and the interest that then gets paid on the total loan amount
    f. Emotional distress- stress and anxiety

**WHEREFORE,** the Plaintiffs having set forth the claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Defendant be required to answer this Complaint

B. Based on the Plaintiff's first claim for relief (paragraphs 28-36, 79-80), the factual allegations and pursuant to 11 U.S.C. §105, 1322, 1327 and 1328, the Plaintiff asks that the Defendant be found in contempt and the Plaintiff be awarded sanctions for the Defendant' deliberate violation of the plan and the Confirmation order, and be assessed with compensatory

damages, punitive damages and reasonable attorney's fees.

C. Based on the Plaintiff's second claim for relief (paragraphs 37-41, 79-80), the factual allegations and pursuant to 11 U.S.C. §105 and 362, the Plaintiff asks that the Defendant be found in contempt and the Plaintiff be awarded sanctions for the Defendant' actions relating to this bankruptcy and be assessed with compensatory damages, punitive damages and reasonable attorney's fees.

D. Based on the Plaintiff's third claim for relief (paragraphs 42-47, 79-80), and the factual allegations, the Plaintiff seeks to recover against Defendant appropriate damages and equitable relief for Defendant' breach of contract.

E. Based on the Plaintiff's fourth claim for relief (paragraphs 48-53, 79-80), that the Plaintiff be awarded equitable relief, including but limited to injunctive relief, compensatory and punitive damages and attorney's fees, for the Defendant' fraud.

F. That the Court enter an Order which enjoins any evidence in support of any fees, charges and/or payment adjustments, denies any fees, charges and/or payment adjustments and awards Plaintiffs Attorney's Fees based on the Plaintiff's fifth Claim for Relief (paragraphs 54-65, 79-80) and pursuant to the Federal Rule of Bankruptcy Procedure 3002.1.

G. That the Plaintiff recover from the Defendants actual, statutory and punitive damages and attorney's fees based on the Plaintiff's sixth claim for relief for violations under the FDCPA, (paragraphs 66-80), the factual allegations and 15 U.S.C. §1692.

H. That the Defendant be required to reconcile its records to reflect that the Plaintiff's mortgage payments were current in accordance with the Court Order and issue the

corrections to all three credit reporting bureaus to remove any derogatory reporting caused by the Defendant' actions.

      I.      That in the event the Plaintiff is successful in this action, that Defendant be enjoined thereafter in attempting to modify the payment records of the Plaintiff to assess any damages and fees awarded in this matter against the Plaintiff's account.

      J.      That the Plaintiff recovers against the Defendant all reasonable legal fees and expenses incurred by the Plaintiff's attorney.

      K.      That the Plaintiff recovers any further relief as the Court may deem just and proper.

Date this the 3rd day of August 2020.

Harlan, Slocum & Quillen

/s/ Keith D Slocum
by: Keith D. Slocum BPR 023024
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.com
bknotices@robertharlan.com

Exhibit List

Exhibit 1: Confirmation Order
Exhibit 2: Proof of Claim
Exhibit 3: Transfer
Exhibit 4: Response to notice of final cure
Exhibit 5: Order declaring current 1.28.2020
Exhibit 6: Trustee's Report continuing payments
Exhibit 7: Trustee's Report arrearage claim
Exhibit 8: Discharge

Exhibit 9: Proof of post-petition payments
Exhibit 10: Lakeview Loan Servicing LLC MortgageStatements
Exhibit 11: Past Due Letter from Lakeview Loan Servicing
Exhibit 12: Statements
Exhibit 13: NOPC 3.21.2019
Exhibit 14: NOPC 1.24.2020